NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1299, -1347

HYNIX SEMICONDUCTOR INC.,
HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD.,
and HYNIX SEMICONDUCTOR DEUTSCHLAND GMBH,

Plaintiffs-Appellants,

v.

RAMBUS INC.,

Defendant-Cross Appellant.

Appeals from the United States District Court for the Northern District of California in case no. 00-CV-20905, Senior Judge Ronald M. Whyte.

ON MOTION

Before PROST, Circuit Judge.

ORDER

Hynix Semiconductor Inc. et al. (Hynix) move to dismiss Rambus Inc.'s cross-appeal for lack of jurisdiction. Rambus opposes. Hynix replies. Hynix moves without opposition for leave to file an opening brief not to exceed 17,000 words and for a 30-day extension of time, until August 31, 2009, to file the brief.

Hynix filed suit against Rambus seeking a declaratory judgment of non-infringement, invalidity, and unenforceability of certain Rambus patents. Rambus filed a counterclaim alleging Hynix infringed its patents. The district court held that Hynix infringed certain claims but had not infringed other claims, and based an injunction and damages thereon. Hynix appealed, and Rambus filed a cross-appeal, challenging the determination of noninfringement of certain claims. Rambus also asserts that its cross-

appeal challenges district court orders compelling production of privileged documents, in the event this court reverses the district court's rejection of Hynix's unclean hands defense.

Rambus argues that its cross-appeal is proper because it challenges findings adverse to Rambus and acceptance of those arguments might result in a reversal or modification of the district court's judgment. We agree, at least to the extent that Rambus challenges the district court's noninfringement determinations. Those arguments, if successful, might result in a reversal or modification of the judgment. See Bailey v. Dart Container Corp. of Mich., 292 F.3d 1360, 1362 (Fed. Cir. 2002). However, Rambus has not established how its challenge to the district court's production orders would expand the scope of the judgment in its favor. Thus, Rambus may raise the arguments relating to the district court's production orders in its brief responding to Hynix's opening brief.

Accordingly,

IT IS ORDERED THAT:

(1)     Hynix's motion to dismiss is denied.

(2)     Hynix's motion for an extension of time is granted.

(3)     Hynix's motion for leave to file a brief not to exceed 17,000 words is denied.

FOR THE COURT

AUG 1 7 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 17 2009

JAN HORBALY
CLERK

cc:     Walter Dellinger, Esq.
        Michael J. Schaengold, Esq.

s20

2009-1299, -1347                    2